IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYNONE MANUFACTURING CORP.,  :  | |
|     Plaintiff  : | No: 3:11-cv-00477 |
|                     : | |
| v.                        : | (Chief Judge Kane) |
|                     : | |
| NEW-MARK FURNITURE CO., INC.,  : | |
| RON EVANS MARKS, and  : | |
| RUSSELL D. MARKS,        : | |
|     Defendants                   : | |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b).[1] (Doc. No. 15.) Because a dispute of material fact exists as to the amount in controversy, the Court finds that a hearing on the motion is warranted.

The Court's subject matter jurisdiction in this case is based on diversity of citizenship. See 28 U.S.C. § 1332. The parties appear to agree that complete diversity exists. However, Defendants challenge whether the requisite jurisdictional amount of $75,000 has been met. Specifically, Defendants claim that the amount in controversy is $58,382.78, exclusive of interest and costs,[2] and "[b]ecause there is no contract providing for the payment of attorney[']s

---

[1] Citing Federal Rule of Civil Procedure 12(b)(2), Defendants' motion asks for relief based on the Court's lack of personal jurisdiction. (See Doc. No. 15.) However, Defendants' motion is aimed at challenging the amount in controversy requirement, (id.), a requirement which is used in determining whether this Court has subject matter jurisdiction over the case. Fed. R. Civ. P. 12(b)(1).

[2] According to Defendants, this amount is calculated based on the fact that Plaintiff has submitted bills totaling $447,083.81 for goods sold and delivered to Defendant Newmark and in exchange has received payments totaling $388,701.03 from Newmark. (Doc. No. 15 ¶ 4.) In challenging Defendants' motion, Plaintiff does not dispute this initial calculation. (See Doc. No.

fees by Newmark, the amount in controversy between Rynone and Newmark does not satisfy the jurisdictional amount." (Doc. No. 16 at 3.) Contrary to Defendants' assertion that there was no contract providing for the payment of attorney's fees, Plaintiff has provided evidence that Defendants agreed by contract to pay late fees and attorney's fees relating to the costs of collection, thereby bringing the total amount in controversy to $87,487.30.[3] (Doc. No. 17 at 2,6; Ex. B.)

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss an action for lack of subject matter jurisdiction. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

If a dispute of material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." McCann v. Newman Irrevocable Trust, 458

---

17 at 2.)

In the briefs submitted by the parties, Defendant Newmark is referred to slightly differently. The Court will use the characterization used by Defendants ("Newmark") as opposed to that used by Plaintiff ("New-Mark").

[3] See 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3712 (4th ed. 2011) ("[T]he amount expended for attorney's fees are a part of the matter in controversy for subject matter jurisdiction purposes when they are provided for by contract . . . .").

F.3d 281, 290 (3d Cir. 2006).  Where disputes over factual matters are involved, the party alleging jurisdiction bears the burden of justifying his allegations by a preponderance of the evidence.  Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007) (citing McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178 (1936)).

**ACCORDINGLY**, on this 17th day of June 2011, it is **HEREBY ORDERED THAT** this Court will schedule a hearing at which the parties will develop an evidentiary record and provide argument concerning the factual basis for the Court's subject matter jurisdiction.  In all other respects, the Court refrains from ruling on Defendants' motion to dismiss (Doc. No. 15) until the above-referenced hearing takes place.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania